FILED BY _____ D.C.

MAR 1 6 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

IN THE UNITED STATES DISTRICT COURT
FOR THE *Southern* DISTRICT OF *Florida*
*Civil* DIVISION

*(Write the District and Division, if any, of
the court in which the complaint is filed.)*

Gerald G Smith

Plaintiff

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

21st mortgage Corp.
Broward county Sheriff's office
Defendants

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**Complaint for a Civil Case**

20-CV-60576-WPD/LSS

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name: Gerald Glenn Smith
Street Address: 2421 NW 8 place Apt 1
City and County: Fort Louderdale, Broward
State and Zip Code: Fla. 33311
Telephone Number: (954) 816-6545
E-mail Address: GandJpainting62@yahoo.Com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

Name: 21st mortgage Corp
Job or Title (if known):
Street Address: 620 Market street
City and County: Knexville, KNOX
State and Zip Code: Tennessee 37902
Telephone Number: (865) 523-2120
E-mail Address (if known):

Defendant No. 2

Name: Gregory Tony
Job or Title (if known): Official capacity as Sheriff for Broward county
Street Address: 2601 west Broward Blvd.
City and County: Fort Lruderdale, Broward

2

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. 3

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. 4

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

    ☑ Federal question               ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.**    **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. 1983 and 28 U.S.C. § 1331.
Fed. Rule 4 appeal as of Right

**B.**    **If the Basis for Jurisdiction Is Diversity of Citizenship**

    1.    The Plaintiff(s)

        a.    If the plaintiff is an individual

            The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

        b.    If the plaintiff is a corporation

            The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

        *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

    2.    The Defendant(s)

        a.    If the defendant is an individual

            The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or is a citizen of (foreign nation)* _____.

b.    If the defendant is a corporation

The defendant, *(name)* _____, is
incorporated under the laws of the State of *(name)*
_____, and has its principal place of
business in the State of *(name)* _____. *Or is*
incorporated under the laws of *(foreign nation)*
_____, and has its principal place of
business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an
additional page providing the same information for each additional
defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant
owes or the amount at stake—is more than $75,000, not counting interest
and costs of court, because *(explain)*:

_____
_____
_____

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as
briefly as possible the facts showing that each plaintiff is entitled to the damages or other
relief sought.  State how each defendant was involved and what each defendant did that
caused the plaintiff harm or violated the plaintiff's rights, including the dates and places
of that involvement or conduct.  If more than one claim is asserted, number each claim
and write a short and plain statement of each claim in a separate paragraph.  Attach
additional pages if needed.

Count 1 under 42 U.S.C § 1983 and
Count 2 Appeal as of Right
See All attachments

## IV.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*I am seeking relief of my property back and relief or it's equivalent value of $225,000 plus payment of $25,000 for damages of my personal property*

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: *March* , 20 *20*

Signature of Plaintiff    *Gerald G Smith*
Printed Name of Plaintiff  *Gerald G Smith*

### B.      For Attorneys

Date of signing: _____ , 20__ .

Count 1 is a cause of action brought under 42 USC 1983 against Broward sheriffs office and 21st mortgage Corp for violations of my constitutional rights in the 4th and 5th amendments. On July 2nd 2019, I filed a notice of appeal with the fourth DCA. On July 22, 2019, Someone from the Broward sheriffs office called my cell phone while I was at work and they asked where I was and he said he saw the notice of appeal. Then my neighbor called me shortly after and said they blocked off the streets and they were putting all my stuff outside and they came with the Raiders with machine guns. I left my job and came to my house. There were people on the streets grabbing all my stuff and putting it in their cars and trucks and I my work van window was smashed in . The state court said they did not order this eviction since the case was under appeal. 21st mortgage Corporation decided to use the color of the law of the Broward sheriffs office to unlawfully seize my property and take possession prior to this appeal being complete which was not until January 31, 2020. I did not receive a notice I kept calling the fourth DCA and on February 10th, 2020, I went down there and they gave me a copy of the appeal mandate which confirmed with the state court and said It was too late but they never sent notice. I sent a copy to the Supreme Court in Tallahassee pursuing another appeal and they said they Don't have jurisdiction because there is no reason listed from the fourth DCA. Count 2 is an appeal of right pursuant to fed rule 4, against 21st mortgage Corp . I am attaching a copy of the appeal for the district court to review.

# 42 U.S. Code § 1983. Civil action for deprivation of rights

U.S. Code        Notes

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(R.S. § 1979; Pub. L. 96–170, § 1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853.)

💼 U.S. Code Toolbox

Law about... Articles from Wex
Table of Popular Names

**** FILED: BROWARD COUNTY, FL  Brenda D. Forman,  CLERK 1/31/2020 3:55:57 PM.****

# M   A   N   D   A   T   E

from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Spencer D. Levine, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

| | |
|---|---|
| **DATE:** | **January 31, 2020** |
| **CASE NO.:** | **19-1124, 4D19-1273** |
| **COUNTY OF ORIGIN:** | **Broward** |
| **T.C. CASE NO.:** | **CACE15-020646 (11)** |

**STYLE:   GERALD G. SMITH          v.   21ST MORTGAGE CORPORATION**



*Lonn Weissblum*
_____

**LONN WEISSBLUM, Clerk**
Fourth District Court of Appeal

Served:

cc:  Leslie S. White          Tim W. Sobczak          Gerald G. Smith
     Clerk Broward

ka

**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK· 1/31/2020 3:55:57 PM.****

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GERALD G. SMITH,** a/k/a GERALD GLENN SMITH,
Appellant,

v.

**21st MORTGAGE CORPORATION,** a foreign corporation,
Appellee.

Nos. 4D19-1124 & 19-1273

[January 9, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Frank David Ledee, Judge; L.T. Case No. CACE 15-020646 (11).

Gerald G. Smith, Fort Lauderdale, pro se.

Tim W. Sobczak and Leslie S. White of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, for appellee.

PER CURIAM.

*Affirmed.*

GROSS, DAMOORGIAN and KLINGENSMITH, JJ., concur.

\*       \*       \*

*Not final until disposition of timely filed motion for rehearing.*

**(d)    Notice to Invoke Discretionary Jurisdiction of Supreme Court.**

IN THE DISTRICT COURT OF
APPEAL OF FLORIDA,
__4__ DISTRICT
Case No. *19-1124, 4D19-1273*
*L.T. Case No. CACE-*
*15020646*

_Gerald G Smith_)
Defendant/Petitioner,                        )
                                             )
v.                                           )        NOTICE TO INVOKE
                                             )        DISCRETIONARY JURISDICTION
_21 st Mortgage Corp._)
Plaintiff/Respondent.                        )
                                             )
_____)

NOTICE IS GIVEN that _Gerald Smith_ Defendant/Petitioner, invokes the
discretionary jurisdiction of the supreme court to review the decision of this court
rendered [see rule 9.020(j)] on (date) _Jan 31 2020_. The decision .....(state why the decision is
within the supreme court's jurisdiction)......[1]  _see Attachments "_



_Gerald G Smith Pro-se_
Attorney for .....(name of party).....
.....(address, e-mail address, and
phone number).....(954)-816-6545
~~Florida Bar No.~~ _pro-se_
_2421 NW 8 pl Apt I_
_Fort Lauderdale, Florida_
_(New forwarding Address) 33311_

1. The choices are:

✓ (a.) expressly declares valid a state statute.

✓ (b.) expressly construes a provision of the state or federal constitution.

c. expressly affects a class of constitutional or state officers.

December 15, 2016        Florida Rules of Appellate Procedure        177
                         The Florida Bar

✓ (d.) expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.

e. passes on a question certified to be of great public importance.

f. is certified to be in direct conflict with decisions of other district courts of appeal.

See rule 9.030(a)(2)(A).

*See Attachments:*

# IN THE FOURTH DISTRICT COURT OF APPEAL OF FLORIDA 1525 PALM BEACH LAKES BLVD, WEST PALM BEACH, FL 33401

Gerald G. Smith, a natural person

Appellant/ Petitioner

V.                                    **CASE NO: 4D19-1123, 4D19-1224**

                                      **& 4D19-1273**

                                      **L.T.CASE NO: CACE-15020646**

21st MORTGAGE CORP.

Appellee/ Respondent

---

## INITIAL BRIEF APPEAL ON THE ABOVE ORDERS

 SUBMITTED BY:APPELLANT

GERALD G. SMITH, a natural person

1500 NW 1st avenue

Fort Lauderdale, Florida 33311

Telephone (954) 816-6545


Tim W. Sobczak

Dean, Mead, Egerton, Bloodworth,

Capouano & Bozarth, P.A.

Post Office Box 2346

Orlando, Florida 38202-2346

Telephone (407) 841-1200

**Counsel for Appellee**

IN THE FOURTH DISTRICT COURT OF APPEAL OF FLORIDA 1525
PALM BEACH LAKES BLVD, WEST PALM BEACH, FL 33401


Gerald G. Smith, a natural person
Appellant/ Petitioner


V.                                  CASE NO: 4D19-1124,
                                             4D19-1273
                                 L.T.CASE NO: CACE-15020646

                                          *corrected as to*
21st MORTGAGE CORP.                       *Case number*
Appellee/ Respondent

_____

**INITIAL BRIEF APPEAL ON THE ABOVE ORDERS**
 SUBMITTED BY:APPELLANT
GERALD G. SMITH, a natural person
1500 NW 1st avenue
Fort Lauderdale, Florida 33311
Telephone (954) 816-6545


Tim W. Sobczak
Dean, Mead, Egerton, Bloodworth,
Capouano & Bozarth, P.A.
Post Office Box 2346
Orlando, Florida 38202-2346
Telephone (407) 841-1200
**Counsel for Appellee**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**                i

FLORIDA LAW ON JOINT TENANCY WITH RIGHTS OF
SURVIVORSHIP
Statutes
F.S. 222.01 et seq.
Fla Chap 55
FLA CHAP 732
Fla Appellate rule 9.100 (1)
& 9.210(a)(2)
**QUESTIONS ON REVIEW**                PG 1
**STATEMENT OF THE CASE**              pg 1-2

**SUMMARY OF THE ARGUMENT**            pg 3-4

**STANDARD OF REVIEW**                 pg 4
**CONCLUSION**                         PG 5

**CERTIFICATE OF SERVICE**             pg 6
**CERTIFICATE OF COMPLIANCE**          pg 7

## QUESTIONS ON REVIEW

Does the Florida Homestead law pursuant to F.S. 222.01 et seq., apply to the Appellant.

Is the Appellant liable for the debt of a deceased person, when the Appellant did not sign the note or mortgage.

## STATEMENT OF THE CASE

Appellee received multiple Notice of Homestead and the Appellee has failed to comply.

Pursuant to F.S. 222.01 et seq. A lien pursuant to chapter 55 of any lienor upon whom such notice is served, who fails to institute an action for a declaratory judgement to determine the constitutional homestead or to file an action to foreclose the judgement lien, together with the filing of a lis pendens in the public records of the county in which

1

the homestead is located, within 45 days after such

notice of service shall be deemed as not attaching to

the property by virtue of its status of homestead

property...


Florida Law recognizes the rights of survivorship and

extinguishment of debt of the deceased.


The Death Certificate was attached in the Notice of

Homestead,and the chain of title, along with the

affidavit claiming the judgement to be invalid.  All

of Appellant's motions in this appeal, revolved around

the NOTICE OF HOMESTEAD and the debt of the Deceased.

See the records on file pages 669-690 and 696-726.


2

## SUMMARY OF THE ARGUMENT

This case was originally dismissed because Mr. Robert Randall, as the sole signer of a lost note was deceased and the case was refiled against the Appellant, whose attorney was incompetent and a default was entered from an extinguished debt.

Any and all motions made by various debt collectors of the Appellee were to cloud the litigation of the true facts, that any and all debt was extinguished upon the death of Robert Randall and the Appellant had joint tenancy with full **"rights of survivorship"**. The court has made a grave error in denying the Appellant his right for injunctive relief on April 30th,2019(R. pgs. 14-17 in appeal 4D19-1273)  and directing the clerk to issue title on April 30, 2019 (r pg 9 in appeal 4D19-1273) then pro nunc tunc to April

17th, 2019, to Appellee.

3

Appellee's judgement was no longer attached to the
subject property on April 30th, 2019, for failure to
comply with the Notice of Homestead pursuant to F.S.
222.01 et seq.

## STANDARD OF REVIEW

Standard of review is denovo when it is a question of
law or fact.

4

**CONCLUSION**

For all of the foregoing reasons, the Appellant
respectfully requests that the Honorable
Court remand the lower court to vacate the Certificate
of Title recorded on May 20th,2019, whose judgement
was no longer attached to the subject property for
failure to comply with F.S. 222.01 et seq., the title
was recorded and backdated to March 19th, 2019, prior
to the recorded date on May 20th, 2019 and the pro
nunc tunc date of April 17th, 2019. March 19th, 2019
was ten days prior to the lawful transfer of the deed
to Gerald G. Smith, living revocable trust, recorded
on March 29th, 2019.

5

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that the foregoing Appellant's Brief

complies with Rule 9.100(1) and rule 9.210(a)(2), this

brief is submitted in courier new 14 point font.

RESPECTFULLY SUBMITTED BY:

_Gerald G Smith_          July 2, 2019

GERALD G. SMITH, a natural person

1500 NW 1st avenue

Fort Lauderdale, Florida 33311

Telephone (954) 816-6545

7